**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

LAMAR P. CROUCH,

                              Plaintiff,

            v.                                                      9:16-CV-1435
                                                                   (DNH/DJS)

ROSALVA SPAULDING and BELINDA JEAVONS,

                              Defendants.

_____

**APPEARANCES:**                          **OF COUNSEL:**

LAMAR P. CROUCH
14-B-3306
Plaintiff, _Pro Se_
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

BARCLAY DAMON LLP                          MATTHEW J. LARKIN, ESQ.
Attorney for Defendants
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Plaintiff, presently an inmate in the custody of the New York State Department

of Correctional Services, brings this _pro se_ action pursuant to 42 U.S.C. § 1983, alleging

that Defendants violated his rights while incarcerated at the Onondaga County Justice

Center. Defendants filed a Motion for Summary Judgment. Dkt. No. 72. Plaintiff opposed the Motion by filing a Response to Defendants' Rule 7.1 Statement. Dkt. No. 86. For the reasons which follow, the Court recommends granting the Motion.

## I. BACKGROUND

On September 13, 2014, Plaintiff was involved in an altercation with other inmates housed at the Onondaga County Justice Center. Dkt. No. 72-8, Declaration of Matthew Larkin, Ex. C ("Pl.'s Dep.") at pp. 27-30. Plaintiff was assaulted by several inmates. *Id.* Plaintiff then returned to his cell. *Id.* at p. 32. Soon after the incident, Defendant Spaulding, a Sergeant working at the Justice Center, came to Plaintiff's cell to inquire about the incident. *Id.* at p. 33. She asked Plaintiff questions about the identity of his assailant which Plaintiff was largely unable to answer. *Id.* at p. 34. Plaintiff then requested medical assistance. *Id.* Plaintiff alleges that Spaulding told him "when you decide to cooperate with me, then I'll cooperate with you," *id.* at p. 34, a comment Plaintiff interpreted to mean that he would not get assistance until he provided other information to Spaulding. *Id.* at p. 36.

After spending about five minutes with Plaintiff, Spaulding left his cell and returned "between ten to thirty minutes" later with Defendant Jeavons, a nurse at the Justice Center. *Id.* at p. 37. Nurse Jeavons performed a physical examination of Plaintiff during which Plaintiff requested an ice pack and pain medication. *Id.* at pp. 38-39. Plaintiff alleges that he received neither that evening. *Id.* at p. 41. Later that night, after

Plaintiff made complaints of pain to facility staff, Jeavons returned to Plaintiff's cell to see Plaintiff a second time. *Id.* at p. 42. The following day, Plaintiff was taken to an outside hospital for treatment where he was diagnosed with a fracture to his eye socket. *Id.* at pp. 30 & 52.

## II. LEGAL STANDARDS

### A. Summary Judgment

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere

conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc*., 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

4

*B. Evidence Admissible on Motion*

At the outset, the Court must address what evidence is properly before it for consideration on Defendants' Motion.  In support of the Motion, Defendants offer only the Declaration of their counsel, Dkt. No. 72-2, Declaration of Matthew J. Larkin, with exhibits, and an Affidavit of Johnnie R. Lambert, an expert witness.  Dkt. No. 72-3, ("Lambert Aff.").  The Declaration of their counsel attaches, *inter alia*, a transcript of Plaintiff's Deposition and certain medical records concerning Plaintiff's medical care. Medical records are hearsay, though often admissible under Fed. R. Evid. 803(6) as a business record.  *Tutora v. Corr. Med. Care, Inc.*, 2012 WL 1898871, at *2 (N.D.N.Y. Apr. 30, 2012), *report and recommendation adopted*, 2012 WL 1898915 (N.D.N.Y. May 23, 2012).   A certification often accompanies medical records submitted on motions such as this to establish that the record qualifies as a business record.  *See Moran v. Livingston*, 155 F. Supp. 3d 278, 285 (W.D.N.Y. 2016).  The medical records offered here, however, are not certified.  Nor does the Declaration to which they are attached lay a business records foundation.  Neither Defendant has submitted any sworn statement regarding their actions in this case which could provide the necessary evidentiary foundation for the records.  The records, therefore, are not admissible on the present Motion and have not been considered.  *Moran v. Livingston*, 155 F. Supp. 3d at 285 (citing cases); *Tutora v. Corr. Med. Care, Inc.*, 2012 WL 1898871, at *2.

The affidavit from Defendants' expert witness relied upon the same medical records, but because expert witnesses are permitted to rely on such records in reaching an opinion, "the Court will consider [the] uncontroverted expert opinion concerning the care and treatment Plaintiff received, even though those opinions are based, in part, on the medical records." *Moran v. Livingston*, 155 F. Supp. 3d at 286.

### III. ANALYSIS OF DEFENDANTS' MOTION

Plaintiff's Complaint alleges that Defendants were deliberately indifferent to his medical needs. *See generally* Dkt. No. 38, Sec. Am. Compl. His allegations relate solely to events occurring on September 13, 2014. Pl.'s Dep. at p. 54.

At the time of the incident in question, Plaintiff was incarcerated as a pretrial detainee and so his medical care claims are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment. *See Groves v. New York*, 2010 WL 1257858, at *6 (N.D.N.Y. Mar. 1, 2010). The standard under the Due Process Clause is similar in this context to that under the Eighth Amendment, requiring the plaintiff first to "satisfy the 'objective prong' showing that the conditions were 'sufficiently serious' as to constitute objective deprivations of constitutional rights" and second to satisfy a "'mental element prong' - showing that the officer acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *Bell v. Carson*, 2018 WL 5993686, at *2 (N.D.N.Y. Nov. 15, 2018).

6

The first prong considers whether the medical condition is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  An injury is sufficiently serious for these purposes when it involves "the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d. Cir. 1998).

Regarding the second prong "[a] pretrial detainee suing for deliberate indifference under the Fourteenth Amendment is required to show only that the prison official acted with objective recklessness, or that the defendant knew or should have known that an excessive risk to health or safety would result." *Revels v. Corr. Med. Care, Inc.,* 2018 WL 1578157, at *5 (N.D.N.Y. Mar. 28, 2018).

### A. Sergeant Spaulding

Plaintiff's claim concerning Defendant Spaulding is that she unreasonably delayed in obtaining medical treatment for him.  Sec. Am. Compl. at pp. 7-8.  Shortly after the altercation during which Plaintiff was injured, Spaulding arrived at Plaintiff's cell inquiring about the incident.  Pl.'s Dep. at p. 33.  Plaintiff requested medical assistance and by his own admission Spaulding "came back with the nurse," *id.* at p. 35, somewhere between ten and "[n]o longer than 30 minutes" later.  *Id.* at p. 37.  As a

7

result, even despite Spaulding's allegedly "bad attitude," Plaintiff was seen, no more than thirty minutes after his request for medical treatment. *Id.* at pp. 36-37.

Given the very short amount of time at issue, Plaintiff's claimed delay before seeing medical staff "is not enough to trigger a deliberate indifference claim." *Lewis v. Sheridan*, 2014 WL 1096220, at *2 (N.D.N.Y. Mar. 19, 2014) (citing cases). Indeed, courts have repeatedly found that similarly short delays, or even ones of much longer durations, are insufficient to establish deliberate indifference. *See, e.g.*, *Figueroa v. Cty. of Rockland*, 2018 WL 3315735, at *5 (S.D.N.Y. July 5, 2018) (no deliberate indifference involved in twenty minute delay in treating lacerated finger); *Jones v. Westchester Cty.*, 182 F. Supp. 3d 134, 155-56 (S.D.N.Y. 2016) (citing cases); *Hawks v. Gunsett*, 2011 WL 2437418, at *3 (S.D.N.Y. June 7, 2011) (forty-minute delay insufficient to establish deliberate indifference); *Bradley v. Rell*, 703 F. Supp.2d 109, 123 (N.D.N.Y.2010) (granting summary judgment in favor of defendants where pretrial detainee was provided medical treatment within four hours of sustaining injuries); *Thomas v. Tisch*, 2009 WL 701009, at *8  n. 4 (E.D.N.Y. Mar. 11, 2009) (citing cases decided on summary judgment finding delayed treatment insufficient to establish deliberate indifference); *Revenell v. Vall Per Steeg*, 2007 WL 765716, at *4 (S.D.N.Y. Mar.14, 2007) (fifteen to twenty minute delay in treatment of fractured finger could not amount to deliberate indifference).

Accordingly, Defendant Spaulding's Motion for Summary Judgment should be granted.[1]

### B. Nurse Jeavons

Plaintiff's allegations against Nurse Jeavons focus on his belief that Defendant provided the wrong treatment to him. The Amended Complaint, for example, alleges indifference in not providing "any kind of pain medication for the physical injuries; nor any kind of ice pack." Sec. Am. Compl. at p. 13. In response to Interrogatories propounded by Defendants, Plaintiff stated that Jeavons "ignored all of the Plaintiff['s] articulated needs in regards to the Plaintiff['s] request to receive an ice pack and pain medication." Dkt. No. 72-7, Plaintiff's Response to Interrogatory Number 10. Additionally, during his deposition Plaintiff testified specifically that if he had received an ice pack on September 13, 2014 there would be no lawsuit. Pl.'s Dep. at p. 61. Plaintiff also conceded that after the assault Jeavons performed a complete physical examination of him. Pl.'s Dep. at p. 40; *see also* Lambert Aff. at ¶ 10. The record also establishes that Jeavons returned to Plaintiff's cell later that night, after he complained of further pain, and again medically assessed Plaintiff. Lambert Aff. at ¶ 11; Pl.'s Dep. at p. 42. Defendants' expert witness has opined, without contradiction by Plaintiff, that

---

[1] Alternatively, Spaulding seeks summary judgment on the ground of qualified immunity. Whether an official protected by qualified immunity may be held liable for an alleged unlawful action turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time the action was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Lewis v. Cowan*, 165 F.3d 154, 166 (2d Cir. 1999). Here, given the admittedly short delay, no reasonable corrections official could have known that Plaintiff's right to medical treatment was being denied and so summary judgment on the basis of qualified immunity is appropriate.

Plaintiff received appropriate emergency treatment on September 13th and that the failure to provide ice or medication to Plaintiff did not create a risk to Plaintiff's health. Lambert Aff. at ¶¶ 18-19.

Plaintiff's claim, therefore, is not that he was entirely denied care by Jeavons, but that he did not receive the specific treatment he requested. Such a claim is not cognizable under the Fourteenth Amendment deliberate indifference standard, and Defendant's Motion for Summary Judgment should be granted. "A mere disagreement with a prescribed course of treatment is not sufficient to establish a violation of the Eighth or Fourteenth Amendment." *Revels v. Corr. Med. Care, Inc.*, 2018 WL 1578157, at *4 (citing *Moolenaar v. Champagne*, 2006 WL 2795339, *6 (N.D.N.Y. Sept. 26, 2006); *see also Lombardo v. Freebern*, 2018 WL 1627274, at *19 (S.D.N.Y. Mar. 30, 2018) (same). While Plaintiff did not receive his desired treatment including being provided with an ice pack and receiving pain medication, "it is well-settled that the ultimate decision of whether or not to administer a treatment or medication is a medical judgment that, without more, does not amount to deliberate indifference." *Washington v. Westchester Cty. Dep't of Corr.*, 2014 WL 1778410, at *6 (S.D.N.Y. Apr. 25, 2014).

Accordingly, the Court also recommends granting Defendant Jeavons' Motion for Summary Judgment.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion for Summary Judgment (Dkt. No. 72) be **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date:  January 24, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge